**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LBJ HEALTHCARE PARTNERS, INC., <br><br> Debtor, <br> _____ <br><br> LETICIA L. CHARNETSKY; et al., <br><br> Appellants, <br><br> v. <br><br> LBJ HEALTHCARE PARTNERS, INC., <br><br> Appellee. | No. 21-56330 <br><br> D.C. No. 2:20-cv-11240-JWH <br><br> MEMORANDUM* |
| In re: BRIAN JAY BUENVIAJE, <br><br> Debtor, <br> _____ <br><br> LETICIA L. CHARNETSKY; et al., <br><br> Appellants, <br><br> v. <br><br> BRIAN JAY BUENVIAJE, | No. 21-56332 <br><br> D.C. No. 2:20-cv-11242-JWH |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| Appellee. | |

| | |
|---|---|
| In re: ROSALINDA BUENVIAJE, | No.   21-56333 |
| Debtor, | D.C. No. 2:20-cv-11245-JWH |
| _____ | |
| LETICIA L. CHARNETSKY; et al., | |
| Appellants, | |
| v. | |
| ROSALINDA BUENVIAJE, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted September 20, 2022
Pasadena, California

Before: BOGGS,\*\* WARDLAW, and IKUTA, Circuit Judges.
Dissent by Judge IKUTA.

Appellants are secured creditors in a Chapter 11 bankruptcy. When the bankruptcy court confirmed the debtors' joint plan of reorganization, Appellants appealed to the district court. They argued, among other objections, that the plan violated 11 U.S.C. § 1129(b)(2)(A) because it did not provide for the payment of plan interest

---

\*\* The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

on accrued pendency interest. The district court dismissed their appeal as equitably moot.[1] Exercising jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, we affirm.

A bankruptcy appeal is equitably moot "if the case presents 'transactions that are so complex or difficult to unwind' that 'debtors, creditors, and third parties are entitled to rely on the final bankruptcy court order.'" *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1215 (9th Cir. 2014) (quoting *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co*.), 677 F.3d 869, 880 (9th Cir. 2012)).

We have endorsed a four-factor test for equitable mootness. We consider (1) whether appellants have sought a stay; (2) whether substantial consummation of the plan has occurred; (3) the effect of the remedy on third parties not before the court; and (4) whether the bankruptcy court can fashion effective and equitable relief "without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *In re Thorpe Insulation Co.*, 677 F.3d at 881. No one factor is dispositive. *JPMCC 2007–C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc. (In re Transwest Resort Props., Inc.)*, 801 F.3d 1161, 1169 (9th Cir. 2015). Nevertheless, failure to seek a stay without an "adequate reason" generally renders an appeal moot. *In re Mortgs. Ltd.*, 771 F.3d at

---

[1] The district court also held that Appellants had waived their 11 U.S.C. § 1129(b)(2)(A) argument by failing to raise it before the bankruptcy court.

3

1216 (quoting *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981)). The fourth factor, whether effective and equitable relief is possible, is the most important one. *See, e.g.*, *In re Transwest Resort Props., Inc.*, 801 F.3d at 1171.

In evaluating the district court's dismissal on equitable-mootness grounds, "we review factual findings for clear error and legal conclusions de novo." *Id.* at 1168.

Here, all four factors weigh in favor of mootness. First, Appellants never sought a stay of the bankruptcy court's order and have offered no reason, let alone an "adequate reason," for their failure to do so. *See In re Mortgs. Ltd.*, 771 F.3d at 1216 (citation omitted). Second, Appellants do not dispute that the plan has been substantially consummated. Third, modification of the plan would likely be inequitable to third-party creditors, because the additional money that Appellants demand would likely have to come from money paid out to or still owed to third parties. *See id.* at 1218. Awarding Appellants alone additional interest on accrued pendency interest might also unfairly privilege Appellants over other creditors. Fourth, the bankruptcy court cannot fashion relief without unwinding the plan, because, as Appellants themselves argued before the district court, neither of the solutions Appellants have proposed during litigation—higher monthly payments or additional refinance—are feasible.

Appellants now contend that the plan can be modified without harming third

parties or upsetting the plan because the debtors can raise additional funds when they refinance their outstanding debt on the properties at plan maturity, without clawing back or reducing payments to third parties.

We are not convinced. The additional $250,114.60 that Appellants now demand is a substantial sum, equal to roughly twenty percent of the confirmation balance of their claims and to nearly ten percent of the projected total outstanding debt at plan maturity. Moreover, Appellants' argument on appeal is contradicted by their position below. In bankruptcy court, Appellants argued that neither the payments under the existing plan nor the greater payments that they demanded were feasible. In district court, Appellants demanded not only an additional $250,114.60 in interest on accrued pendency interest, but also further interest based on the negative amortization of their claims since plan confirmation. They also denied that higher monthly payments or refinance were feasible. Appellants have failed to explain why additional refinance should now be possible. And without additional refinance, plan modification would inevitably "bear unduly on the innocent" and "knock[] the props out from under the plan." *See In re Thorpe Insulation Co.*, 677 F.3d at 881–82.

**AFFIRMED.**[2]

---

[2] At the time of oral argument, three motions were pending: (1) Appellants' Request for Judicial Notice, (2) Appellees' Request for Judicial Notice, and (3) Appellees' Motion to Strike Portions of the Reply Brief. We grant motions (1) and (2) because the documents in question satisfy Fed. R. Evid. 201(b). We deny motion (3) because

---

Appellees' allegations of misrepresentation are insufficiently specific.

FILED

OCT 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Charnetsky v. LBJ Healthcare Partners, Inc.*, No. 21-56330+

IKUTA, Circuit Judge, dissenting:

I dissent because this appeal is not equitably moot.

In this case, the debtors (Brian Buenviaje, Rosalinda Buenviaje, and LBJ Healthcare Partners, Inc.), filed a petition in bankruptcy. The appellants here (the Charnetskys) had claims against the debtors secured by deeds of trust on three properties, and filed three proofs of claim in the bankruptcy. It is undisputed that the value of the debtors' properties was greater than the amount of the loan and post-petition interest that had accrued on the Charnetskys' claim. When the debtors filed a plan of reorganization providing for payment of interest on the Charnetskys' three claims, they calculated the post-confirmation interest based on the value of the claim at the date the debtors filed the petition in bankruptcy, not on the effective date of the plan. In bankruptcy court proceedings, the Charnetskys objected to the plan. Although they primarily raised arguments about the interest rate they should receive on their claims, they also argued that they were entitled to post-confirmation interest on the value of their claim as of the effective date of the

1

plan.¹  The bankruptcy court confirmed the plan, and permitted the debtors to pay post-confirmation interest based on the value of the claim as of the petition date.

An oversecured creditor's claim includes the interest that accrues on the original principal amount between the filing of the petition and the date of the plan confirmation.  *See* 11 U.S.C. §§ 506(b), 1129(b)(2)(A)(i)(I).  Because the Charnetskys were oversecured, their claims included this post-petition interest.  For this reason, the plan should have provided for post-confirmation interest on the entire amount of the Charnetskys' claims, as of the effective date of the plan.  *See Rake v. Wade*, 508 U.S. 464, 471 (1993); *In re Beltway One Dev. Grp., LLC*, 547 B.R. 819, 826 (B.A.P. 9th Cir. 2016).  Accordingly, the bankruptcy court abused its discretion when it confirmed the plan as "fair and equitable" under § 1129(b) even though the plan provided post-confirmation interest only on the original principal amount of the Charnetskys' claims, instead of on the full value of their claims.

---

¹ The record demonstrates that the Charnetskys stated in their objection to the plan that "[a]n oversecured creditor's claim includes the principal amount of the obligation plus all matured prepetition interest, fees, costs and charges owed as of the petition date[.]"  The Charnetskys again raised this issue at oral argument.  Because the Charnetskys raised the plan's failure to provide post-confirmation interest on the full amount of their claim sufficiently for the bankruptcy court to rule on it, we should reject any argument that the Charnetskys waived this claim.  *See O'Rourke v. Seabord Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

Despite this error, the majority concludes that the Charnetskys' claim is equitably moot. Of course, this appeal is not moot for Article III purposes; rather, the term refers to a judge-made doctrine that allows a court to disregard a claim in bankruptcy if it decides that it would be too difficult to provide relief. *See Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014). To the extent that the theory of equitable mootness survives both the Supreme Court's warning about the limitations on the bankruptcy court's equitable powers, *see Law v. Siegel*, 571 U.S. 415, 421 (2014), and "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the doctrine of equitable mootness does not apply here because the test we have devised for its application is not satisfied, *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 881 (9th Cir. 2012).

A court applying the four-factor test for equitable mootness must consider (1) whether appellants have sought a stay; (2) "whether substantial consummation of the plan has occurred"; (3) "the effect of the remedy on third parties not before the court"; and (4) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Id.*

3

With respect to the first prong, although the Charnetskys did not seek a stay of the bankruptcy court's order, we have recognized that such a failure does not prevent a debtor from obtaining relief. *See In re Mortgs. Ltd.*, 771 F.3d at 1215. Second, although the plan has been substantially consummated, the debtors will be solvent at the end of the plan, and the Charnetskys are seeking only monetary damages. It is not "impossible to fashion effective relief"—even where the plan has been substantially consummated—where the creditor's "claim is only for monetary damages against solvent debtors." *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002). Moreover, the Charnetskys have provided a reasonable basis for concluding that a court could fashion effective relief without affecting third parties or unraveling the plan. According to the Charnetskys, complete relief can be obtained by adjusting the amounts due in the future, as the court concluded was possible in *Sylmar Plaza*. Specifically, a court could recalculate the amount due to the Charnetskys at the five-year mark when the debtors are required to refinance the plan and make a balloon payment. Although the debtors claim that money would need to be clawed back from third-party creditors, this is purely speculative, because the value of property fluctuates, and therefore the amount the debtors could obtain in refinancing their properties is unknown. Further, the debtors acknowledged that Los Angeles County has

4

withdrawn its claim and the unsecured creditors have been paid, which shows a greater ability on the debtors' part to make a larger payment without affecting third parties. Because the Charnetskys have shown that effective relief is possible, the third and fourth prongs of the equitable mootness test are not met.

In short, the Charnetskys are entitled to have the bankruptcy court address the feasibility of remedying its undoubted error in the first instance. Because I would remand this case to the bankruptcy court, I respectfully dissent.